STOP THE DESTRUCTION OF ST. BERNARD, INC., ET AL.

VERSUS

BOARD OF COMMISSIONERS FOR THE PORT OF NEW ORLEANS AND ST. BERNARD PORT, HARBOR, AND TERMINAL DISTRICT

\*     NO. 2023-CA-0323

\*     COURT OF APPEAL

\*     FOURTH CIRCUIT

\*     STATE OF LOUISIANA

\*

\*

\* \* \* \* \* \* \*

*SCJ*

**JENKINS, J., CONCURS WITH REASONS**

I respectfully concur in the result. I agree with the majority that the trial court did not err in granting Port NOLA's exception of prematurity, because plaintiffs/Appellants' claims for injunctive relief to prohibit nuisances that could result from the LIT project are not ripe for judicial determination. However, I disagree with the trial court's stated reason that *plaintiffs* have failed to exhaust administrative remedies. The implication from the trial court's statement is that plaintiffs bear the burden to pursue a course of administrative action and relief. And I find it is important to clarify that defendants, not plaintiffs, bear the burden to proceed through the administrative process. Defendants, Port NOLA and St. Bernard Port, must proceed to obtain the necessary permits for the proposed LIT project through the administrative process set forth for each of the permitting federal and state agencies. But, in the course of that administrative process, plaintiffs will have the opportunity to prohibit nuisances from the proposed LIT project by raising objections to and, potentially, defeating defendants' applications for permits, thereby obtaining "administrative remedy."

At this time, the LIT project is currently only a proposal with no requisite permits to proceed into an actual development, and, consequently, plaintiffs' allegations of nuisance are speculative and their claims for injunctive relief to

prohibit nuisances are premature. Although plaintiffs are not required by law to participate in the administrative process to attempt to defeat the LIT project, at this stage, the administrative process provides adequate access and sufficient relief to parties seeking to object to and defeat the proposed project. If defendants obtain the requisite permits to proceed with construction of the LIT project, plaintiffs have the right and opportunity to re-urge their claims for relief in the district court.